# The Independent Mutual Insurance Company *versus* Agnew.

The value of goods lost or stolen, whilst in process of removal from a building actually on fire, is recoverable in an action on a policy of insurance against fire. It is a loss within the terms of the policy.

ERROR to the District Court of *Philadelphia.* *

This was an action of debt by William Agnew, trading as Agnew & Co., against the Independent Mutual Insurance Company, upon a policy of insurance against fire, issued by the defendants on the 3d December 1853, and renewed from year to year; whereby they insured the plaintiff against loss or damage by fire, to the extent of $10,000, upon a stock of merchandise contained in a four story brick and iron store, No. 196 Chestnut Street, Philadelphia. The plaintiff was insured in six offices, for an aggregate amount of $40,000.

The policy contained the following condition :—" In case of fire, or of loss or damage thereby, it shall be the duty of the insured to use their best endeavours for saving and preserving the

* This case was argued at Philadelphia, and decided at Pittsburgh on the 19th October 1859.

[The Independent Mutual Insurance Company v. Agnew.]

property, and it is mutually understood that there can be no abandonment to the insurers of the subject insured."

On the morning of the 2d January 1857, about two o'clock, the premises were discovered to be on fire in the third story, which was occupied by a daguerreotypist; and the plaintiff, who occupied the first and second stories of the building, proceeded hastily to remove his goods, consisting of a valuable and costly stock of dry goods. The plaintiff's goods were seriously damaged by water, and to some extent by fire, and during the process of removal it was alleged that many of them were lost or stolen.

After the fire, appraisers were appointed to estimate the plaintiff's damage by fire. The agreement provided that the appraisement and estimate so made, should be binding on both parties "so far as regards such appraisement; it being understood, that this appraisement is without reference to any other questions within the terms and conditions of the policy, and being so far only as regards the value of such property, as may be found to have been injured or destroyed by said fire."

Before the appraisers, the plaintiff presented a claim for a large amount of stolen goods; and, on reference to the president of the company, he agreed that they should ascertain the amount of the goods which had been stolen, upon the same conditions, and in the same way, that they were authorized to do in reference to the goods injured by fire.

The appraisers made an award, wherein the plaintiff's damage by fire, was estimated at $11,102.51, and, by compromise, there was allowed for goods alleged to be lost or stolen, $9388.97.

On the trial, the defendants excepted to the admission in evidence of the agreement on the part of the president of the company, that the appraisers should estimate the value of the goods lost or stolen; and also of the report or award of the appraisers.

The court below (HARE, J.,) in answer to a point presented by the defendants, instructed the jury as follows:—" The policy is against losses by fire, and does not extend to losses by theft, merely as such. But if it became, and was necessary to throw open the doors of the building to admit firemen and other persons from the street, and to remove the goods in order to prevent their destruction by fire, and if, in consequence of the measures thus taken, some of the goods were lost or destroyed, although by theft, the insurers will be answerable for the loss, because it is a sacrifice for their benefit."

To this instruction the defendants excepted; and a verdict and judgment having been rendered for the plaintiff for $5618.61, they removed the cause to this court, and here assigned for error, *inter alia*, the admission of the evidence excepted to on the trial, and the foregoing instruction to the jury.

VOL. X.—7

[The Independent Mutual Insurance Company v. Agnew.]

*Bullitt*, for the plaintiffs in error.—It is well settled that the proximate, not the remote cause of the loss, is to be looked to : Green *v.* Elmslie, *Peake N. P.* 212; Livie *v.* Jansen, 12 *East* 648; Walker *v.* Maitland, 5 *B. & Ald.* 174; Busk *v.* Insurance Company, 2 *Id.* 73; Waters *v.* Insurance Company, 11 *Pet.* 222; Insurance Company *v.* Coulter, 3 *Id.* 222; City Fire Assurance Company *v.* Corlies, 21 *Wend.* 369; Hillier *v.* Insurance Company, 3 *Barr* 473; Austin *v.* Drew, 6 *Taunt.* 436. If any other rule is adopted, there can be no certainty as to what is or is not covered by the policy : Levy *v.* Baillie, 7 *Bingh.* 349; *Angell on Insurance* 279. In Lanigen *v.* Insurance Company, at Nisi Prius, tried January 23d 1857, Chief Justice Lowrie charged the jury as follows : " The plaintiff cannot recover against the defendants for goods that may have been stolen from the shop after the fire originated, and after the shop was broken open in order to extinguish the fire, and during the occupation that was consequent upon the fire, for the defendants have insured against the fire only, and the damage that may be done by it, and by the water used in extinguishing it, and so as to prevent their entire consumption."

*Cuyler*, for the defendant in error.—The policy is one of indemnity, and is to be liberally construed for the protection of the insured : Dolby *v.* India Assurance Company, 28 *Eng. Law & Eq. R.* 312; Grant *v.* Lexington Insurance Company, 5 *Md.* 23; 1 *Phillips on Insurance* 43; Mackie *v.* Pleasants, 2 *Binn.* 373. The loss incurred was the immediate and proximate result of the fire, and arose from the doing of an act required by the policy for the protection of the insurer, and which actually resulted in his benefit : Case *v.* Hartford Fire Insurance Company, 13 *Ill.* 676; Hillier *v.* Allegheny Mutual Insurance Company, 3 *Barr* 471; *Angell on Insurance*, §§ 115, 132; 1 *Phillips on Insurance* 690; Higginson *v.* Pomeroy, 11 *Mass.* 11; Peters *v.* Warren Insurance Company, 14 *Pet.* 108; Sherwood *v.* General Mutual Insurance Company, 1 *Blatch.* 251; Wells *v.* Boston Insurance Company, 6 *Pick.* 132.

The opinion of the court was delivered by

Read, J.—The real question in this case is, whether goods stolen or lost at a fire, are within a policy of insurance against fire. A fire policy has been held to cover losses, by the removal of the goods from a building actually on fire, although the goods may not have been burnt, but in fact were injured by water, or by the breakage in the act of saving them from fire. Either goods insured are to be left in a building on fire, to share its fate, or they are to be removed at the risk of the insurer, who stipulates, that in case of fire or of loss or damage thereby, it shall be the duty of the insured to use their best endeavors for saving and pre-

[The Independent Mutual Insurance Company *v.* Agnew.]

serving the property, and that there shall be no abandonment to the insurers of the subject insured.

The only method of saving goods in a burning store is by removal. If the insured were to lock up his store, and refuse admission to the fire department, and his stock on hand was burned up, it is clear that he would have no claim under his policy, he having deliberately violated a fundamental condition of it. His only alternative, then, is to employ the usual means to remove his goods to a place of safety, and if he does so carefully, prudently, and in good faith, he certainly should not suffer losses necessarily attendant upon a removal at such a time, without being indemnified by the party for whose benefit it was effected.

In a large city, the removal of valuable goods, such as silks, ribbons, &c., in the night time, from a store actually on fire, is attended with certain inevitable consequences, such as damage by water, or handling, or being lost or stolen. With all our efforts at organization, we have not yet been able so thoroughly to occupy a building and all its approaches by the police and the fire departments, as to entirely exclude those common thieves who form a part of every crowd in a populous community. It is therefore one of the risks necessarily contemplated by the insurer, when he requires the insured to use his best endeavours for saving and preserving the property, that in the process of so doing, they may be lost or stolen by dishonest persons.

Goods thus taken or stolen are clearly within the spirit of the policy and its conditions, and the only question is, do the decisions countenance such a construction of the instrument; always recollecting that actual destruction by fire is not necessary to sustain a claim under it.

Upon the argument, Case *v.* The Hartford Insurance Company, 13 *Illinois* 676, was cited, and is directly in point, as was the dictum of NAPTON, J., in Webb *v.* Insurance Company, 14 *Mo. R.* 1. Since then, the case of Til' *v.* The Hamilton Fire Insurance Company, decided in June 1857, by the Superior Court of the city of New York, has been published in 1 *Bosworth* 367, in which the whole subject was most elaborately discussed by the late Chief Justice DUER, and the present Chief Justice. The full court (HOFFMAN, J., dissenting) held, that a loss, by the stealing of goods at a fire, in a large and populous city, is recoverable as a loss occasioned by fire. We are disposed to adopt this construction of the policy, as supported not only by analogy, but by authority, and upon this point therefore the judge below was right.

This, in fact, disposes of the whole case; for the court, after the admission of the written agreement to refer, which really covered losses by theft, and the declaration of the appraisers, were clearly right in admitting in evidence the report made by them in pursu-

ance of the agreement, under the first count in the declaration, although not evidence under the account stated: Bates v. Townley, 2 *Exch.* 155. The reduction made in their report from the actual deficiency was favourable to the plaintiff in error, and, when connected with the preceding part of their finding, discloses no such error as obliges the court below to reject the instrument itself.

Judgment affirmed.